**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ERIC NDULA,

*Petitioner,*

v.

No. 02-2404

JOHN ASHCROFT, Attorney General,

*Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A78-580-054)

Submitted: October 29, 2003

Decided: December 9, 2003

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

### COUNSEL

Bokwe G. Mofor, IMMIGRATION LAW CENTER, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wendtland, Assistant Director, Ann Carroll Varnon, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Eric S. Ndula, a native and citizen of Cameroon, seeks review of a decision of the Board of Immigration Appeals affirming the Immigration Judge's (IJ) denial of Ndula's application for asylum and withholding of removal. We reject Ndula's contention that the evidence he presented at the hearing before the IJ, in the form of his testimony, was adequate to establish his entitlement to the relief sought. Ndula does not qualify because the IJ made a negative credibility determination that is amply supported by the record and is entitled to deference. 8 U.S.C. § 1252(b)(4) (2000); *see Rusu v. INS*, 296 F.3d 316, 323 (4th Cir. 2002).

Additionally, we uphold the Board's denial of Ndula's application for withholding of removal. The standard for receiving withholding is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Ndula has failed to establish refugee status, he cannot satisfy the higher standard for withholding of removal.

Ndula asserts that he seeks to have his case reopened to adjudicate his right to protection under the Convention Against Torture. As the IJ has already held that Ndula was not entitled to such relief, we conclude that the denial of any such motion to reopen was not an abuse of discretion. *See* 8 C.F.R. § 1003.2(a) (2003); *INS v. Doherty*, 502 U.S. 314, 323-24 (1992).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*